# **RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2506-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

L.J.A.,

     Defendant-Appellant.

_____

Submitted February 8, 2021 – Decided March 17, 2021

Before Judges Messano and Suter.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 09-05-0986.

L.J.A., appellant pro se.

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Stephanie Davis Elson, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant L.J.A. appeals from the denial of his second petition for post-conviction relief (PCR) without an evidentiary hearing. For the reasons that follow, we affirm.

I.

Defendant was indicted for sexually abusing his daughter, who was seven years old when she reported the abuse. The facts underlying defendant's convictions are described in our prior opinion. See State v. L.J.A. (L.J.A. I), No. A-0493-11 (App. Div. Dec. 27, 2013) (slip op. at 3-10). Defendant was convicted by a jury of first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a) (count one); second-degree sexual assault, N.J.S.A. 2C:14-2(b) (count two); and second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a) (count three). He was sentenced to an aggregate, extended term of fifty years in prison to be served in its entirety. Id. at 24.

We affirmed defendant's conviction and sentence in his direct appeal. Id. at 31. The Supreme Court reversed the sentence and remanded that issue. State v. L.J.A., 220 N.J. 565 (2015). We vacated the sentence on count one and remanded the case to the Law Division for resentencing. State v. L.J.A. (L.J.A. II), No. A-0493-11 (App. Div. Mar. 31, 2015) (slip op. at 5-6). Defendant was resentenced to an aggregate, extended term of fifty years in prison subject to an

eighty-five percent period of parole ineligibility. N.J.S.A. 2C:43-7.2. Nicole's Law[1] was applied. We affirmed the sentence through our excessive sentence oral argument (ESOA) panel, Rule 2:9-11, but remanded to correct the judgment of conviction to reflect proper jail and service credits, and to adjust the penalties. State v. L.J.A. (L.J.A. III), No. A-4598-14 (App. Div. Order Oct. 28, 2015). The judgment of conviction was amended in November 2015 to include these changes.

Defendant filed his first PCR petition in August 2015 and supplemented it in June 2016. Defendant's first PCR petition was denied on October 19, 2016. Defendant appealed this denial.

In his first PCR appeal, defendant alleged ineffective assistance of his trial counsel on numerous grounds. Among them, defendant alleged that his trial counsel should have better cross-examined the State's expert on Child Sex Abuse Accommodation Syndrome (CSAAS).

We affirmed the first PCR petition denial in a per curiam opinion "substantially for the reasons expressed" by the first PCR court. State v. L.J.A. (L.J.A. IV), No. A-1864-16 (App. Div. April 16, 2018) (slip op. at 5). We concluded defendant's arguments about the ineffectiveness of his trial counsel

---

[1] N.J.S.A. 2C:14-12.

were "unsupported and [did] not require a hearing." Id. at 5. Defendant's petition for certification from L.J.A. IV was denied. State v. L.J.A., 235 N.J. 450 (2018).

Defendant filed a pro se second PCR petition on January 26, 2018, while the appeal of the first PCR denial was pending with us. He argued his confession to the police should have been suppressed because he told them he wanted to speak with his fiancée. He claimed his appellate and first PCR counsel should have raised an issue about the prosecutor's alleged inflammatory and prejudicial remarks in the closing at the trial. Defendant claimed the cumulative effect of all the errors denied him a fair trial.

Defendant filed an addendum to his second PCR petition on May 6, 2019, which was after the first PCR appeal was decided and the Supreme Court had denied certification. In this addendum, defendant argued that CSAAS testimony is no longer admissible based on the Supreme Court's decision in State v. J.L.G., 234 N.J. 265 (2018).[2] He claimed the first PCR court erred by determining the J.L.G. decision had pipeline retroactivity. Defendant argued his trial attorney should have called an expert witness to testify that his aunt was leading his daughter to say that there had been vaginal penetration. He asserted he was

---

[2] J.L.G. was decided on July 31, 2018.

badgered in his police interview until he "broke" and then confessed. Defendant argued the testimony at trial about CSAAS was "unlawful" and prejudicial. He claimed his trial attorney never investigated that defendant was under the influence of drugs.

Defendant's second PCR petition was denied on November 26, 2019, without an evidentiary hearing. The PCR court found defendant could have raised in his first PCR that he alleged his confession was coerced or that his trial counsel needed to call another witness. The PCR court found a similar argument about the prosecutor's closing was raised in his first PCR appeal.

The second PCR court found that "[CSAAS] evidence was properly before the trial court at the time of [defendant's] trial, as the issues with this type of testimony were not elaborated on by the Supreme Court until its decision in [J.L.G.], which was decided after [defendant's] first [p]etition for PCR was denied." The court found trial counsel could not be faulted for not challenging this evidence at a time before its validity was questioned. The second PCR court noted that J.L.G. had pipeline retroactivity based on our decision in State v. G.E.P., 458 N.J. Super. 436 (App. Div. 2019). This meant J.L.G. only applied to cases on direct review. The second PCR court found defendant's direct review

of his convictions and sentencing ended on March 31, 2015, which was three years before J.L.G. was decided.

Defendant appealed the denial of his second PCR petition. On appeal, defendant raises this issue for our consideration:

> DEFENDANT IS ENTITLED TO RETROACTIVE APPLICATION OF STATE V. J.L.G., 234 N.J. 265 (2018); CONSEQUENTLY, THE TRIAL COURT ERRED IN FAILING TO APPLY J.L.G. TO DEFENDANT'S SITUATION, NECESSITATING THE REVERSAL OF DEFENDANT'S UNLAWFUL CONVICTIONS.

## II.

Under Rule 3:22-4, a defendant is barred from raising any issue in a second PCR petition that could have been raised on direct appeal or in the first PCR petition unless one of three exceptions apply. The petition must "allege[ ] on its face" one of the three criteria: (1) the petition "relies on a new rule of constitutional law . . . that was unavailable during the pendency of any prior proceedings[,]" (2) "the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence," or (3) the "petition alleges a prima facie case of ineffective assistance of counsel" of prior PCR counsel. R. 3:22-4(b)(2)(A)-(C).

6

Rule 3:22-5 provides that "[a] prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding . . . or in any appeal taken from such proceedings."  A PCR petition is not "an opportunity to relitigate a claim already decided on the merits."  State v. McQuaid, 147 N.J. 464, 483 (1997) (citation omitted).

Defendant's appellate brief raised only one issue — the request for retroactive application of J.L.G.  The other issues in defendant's second PCR petition were not addressed in his merits brief.  Because of this, we treat those issues as abandoned.  See Drinker Biddle v. N.J. Dep't of Law & Pub. Safety, Div. of Law, 421 N.J. Super. 489, 496 n.5 (App. Div. 2011) (noting claims not addressed in merits brief are deemed abandoned); see also Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2020).

We find without merit defendant's argument that J.L.G. should apply retroactively to his case.  "In State v. J.L.G., [the Supreme Court] rejected the use of CSAAS evidence — with the exception of certain testimony concerning delayed disclosure — as lacking 'a sufficiently reliable basis in science to be the subject of expert testimony.'"  State v. G.E.P., 243 N.J. 362, 369 (2020) (quoting J.L.G., 234 N.J. at 272).  "Plainly, in J.L.G., [the Supreme Court] announced a

new rule — 'expert testimony about CSAAS in general, and its component behaviors other than delayed disclosure, may no longer be admitted at criminal trials.'" Id. at 385 (quoting J.L.G., 234 N.J. at 272). Recently, the Supreme Court ruled that J.L.G. has pipeline retroactivity. Id. at 370, 386. This means the rule applies to a case that is in the direct appeal process, or pipeline, when the rule becomes effective. Ibid.

Defendant's direct appeal was completed at the earliest on March 2015 when we affirmed his conviction or the latest on October 28, 2015 when the ESOA panel affirmed his sentence. This was nearly three years before J.L.G. was decided. Therefore, the second PCR court was correct in holding that J.L.G. did not provide a basis for relief in defendant's case. Given the timing of these cases, neither his trial nor appellate counsel were ineffective by not raising the issue. His first PCR counsel did raise an issue about the CSAAS expert, but we affirmed the denial of his first PCR petition.

Defendant argues that a different rule should apply because this is a PCR petition, and that J.L.G. should have full retroactivity. There is nothing in the G.E.P. opinion that supports this interpretation. More importantly, this interpretation would undercut the Court's pipeline retroactivity rule by giving

retroactive application to PCR petitions, but not to direct appeals. We find no merit in this argument.

We are satisfied from our review of the record that defendant failed to make a prima facie showing of ineffectiveness of counsel. Accordingly, the second PCR court correctly concluded that an evidentiary hearing was not warranted. See State v. Preciose, 129 N.J. 452, 462-63 (1992).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION